UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

Michael Bauer,                    )
                    Plaintiff,    )
                                  )
v.                                )        No.  4:09-cv-2116 TIA
                                  )
Jefferson County, Missouri, *et al.*,  )
                    Defendants.   )

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION OF
DEFENDANTS JEFFERSON COUNTY, MISSOURI, AND OLIVER BOYER TO
DISMISS COUNT III OF PLAINTIFF'S COMPLAINT

In opposition to the motion of Defendants Jefferson County, Missouri, and Oliver

Boyer to dismiss Count III of Plaintiff's Complaint, Plaintiff states:

I.        Motion to Dismiss Standards

"The standard for a district court to employ in ruling a motion to dismiss is clear.

A district court must accept the allegations contained in the complaint as true [] and all

reasonable inferences from the complaint must be drawn in favor of the nonmoving

party." *Breedlove v. Earthgrains Baking Cos.*, 140 F.3d 797, 798-99 (8th Cir. 1998)

(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  Factual allegations need

only be more than speculative to be assumed true.  *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555-56 (2007).  "[A]ll reasonable inferences from the complaint must be

drawn in favor of the nonmoving party." *Breedlove*, 140 F.3d at 799 (relying on *Hafley*

*v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996)).[1]  "[D]ismissal is inappropriate 'unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

---

[1]        "*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6)
practice." *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 595 (8th Cir. 2009).

which would entitle him to relief.'"  *Breedlove*, 140 F.3d at 799 (quoting *McCormack v. Citibank, N.A.*, 979 F.2d 643, 646 (8th Cir. 1992)).  "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005) (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1976)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  At this stage the Court must accept as true all of the factual allegations in the complaint and determine whether the allegations show the pleader is entitled to relief.  *Twombly*, 550 U.S. at 555. A Plaintiff need only provide sufficient factual information to provide the grounds upon which his claims rise and to raise a right to relief above a speculative level.  *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1949.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Twombly,* 550 U.S. at 555-56 (*quoting Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

II.      Plaintiff has alleged sufficient facts to survive a motion to dismiss

In Count III Plaintiff alleges that his detention for thirty-seven days without any opportunity to access the courts, which ultimately caused him to lose his employment and housing, violates the Eighth Amendment.  If Plaintiff was not a pre-trial detainee as alleged in Counts I and II of his Complaint, then his allegations of prolonged detention without access to the courts states a claim for cruel and unusual punishment in violation of the Eighth Amendment.  *Bell v. Wolfish,* 441 U.S. 520, 537 (1979); *City of Revere v.*

2

*Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).

At this early stage of the proceeding, Plaintiff has not yet learned on what basis the various defendants might think they had the authority to detain him for thirty-seven days while refusing him access to the courts until the error was discovered and Plaintiff was released. Therefore, Plaintiff has sued them for due process violations (*see Complaint (Doc. # 1)*, Counts I and II), and "[i]n the alternative," on the grounds that his "Eighth Amendment rights were violated." *Complaint* at ¶ 2.

It is at least plausible that the purpose for holding Plaintiff was punishment since the reason for pre-trial detention is to make sure the detainee is present for trial and not a danger to the public before or during the trial. Given that there was never a trial, or even a possibility of one, any potentially valid purposes for pre-trial detention were absent. From this it is plausible to infer that Defendants held Plaintiff to punish him. Thus, if Plaintiff was not a pre-trial detainee, but rather was being punished, then the Eighth Amendment prohibited the infliction of cruel and unusual punishment. *Wolfish,* 441 U.S. at 537; *City of Revere*, 463 U.S. at 244.

Defendants Jefferson County and Boyer urge as their defense to Plaintiff's Eighth Amendment claim that Plaintiff was a pre-trial or civil detainee, not one being punished as a criminal. At this stage, "[i]t is not [Plaintiff's] responsibility to rebut these possibilities in his complaint, however. … Rule 8 does not require a plaintiff to plead facts tending to rebut all possible lawful explanations for a defendant's conduct." *Braden*, 588 F.3d at 596. While a plaintiff in some cases might be required to plead additional facts "in light of 'more likely explanations' for defendants' conduct[,]" this is not such a case. *Id.* (*quoting Iqbal*, 129 S.Ct. at 1951). That Plaintiff may have been held

unlawfully as a pre-trial or civil detainee without due process or lawful authority is not the type of obvious alternative explanation that renders Plaintiff's Eighth Amendment claim so implausible as to require dismissal.  Requiring Plaintiff to show under the facts as he knows them that Defendants Jefferson County and Boyd unlawfully detained him as punishment "would impose the sort of 'probability requirement' at the pleading stage which *Iqbal* and *Twombly* explicitly reject."  *Braden*, 588 F.3d  at  597.

Plaintiff's alternative claim of an Eighth Amendment violation has facial plausibility.  He has pled that he was detained in jail for thirty-seven days without access to the courts and without lawful authority.  Plaintiff needs to engage in discovery to determine why Defendants thought they could detain him in this manner.  Whether he is able to ultimately prove that the purpose was punishment, which would implicate the Eighth Amendment, it is plausible at this stage that was Defendants' purpose.  It is reasonable to infer from what is alleged that the process under which Plaintiff was detained was flawed and he was punished in a way not permitted by the law. Accordingly, Jefferson County's and Mr. Boyer's motion to dismiss Count III of the Complaint should be denied.

Respectfully submitted,

s/ Anthony E. Rothert
Anthony E. Rothert, EDMo #518779
American Civil Liberties Union
        of Eastern Missouri
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114
(314) 652-3112 facsimile

Robert L. King #3560
365 Alta Dena Court
St. Louis, Missouri 63130
Phone: (314) 863-6902
(314) 863-6902 facsimile

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 3, 2010, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

John N. Borbonus, III
KING AND KREHBIEL, LLC
2000 South Hanley Road
St. Louis, Missouri 63144-1524

D. Keith Henson
PAULE AND CAMAZINE
165 North Meramec Avenue
Sixth Floor
Clayton, Missouri 63105-3772

/s/ Anthony E. Rothert