UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BAUER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:09CV2116 TIA |
| ) | |
| JEFFERSON COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Jefferson County, Missouri and Oliver Boyer's Partial Motion to Dismiss.  The Parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**I.  Background**

On or about February 18, 2009, Plaintiff went to the St. Louis Metropolitan Police Department to obtain a record check for prospective employment with the City of St. Louis. (Complaint, ¶ 14) On that same date, St. Louis Metropolitan police officers arrested Plaintiff pursuant to a body attachment that appeared "active" in police databases. (Complaint, ¶¶ 1, 15) During prior court proceedings in Jefferson County, Missouri, the circuit court ordered Plaintiff to pay child support.  On September 26, 2006, the circuit court issued a civil body attachment for the arrest of Plaintiff.  However,  the court dismissed and recalled said attachment on May 17, 2007.  (Complaint, ¶ 12) Although Plaintiff protested his arrest on February 18, 2009, he was transferred to the Jefferson County Sheriff and housed in the Jefferson County jail the following day.  (Complaint,  ¶¶ 16, 17)

On February 20, 2009, Jefferson County transferred Plaintiff to the Madison County jail due to overcrowding in the Jefferson County facility. (Complaint, ¶ 18) Plaintiff returned to the Jefferson

County jail on March 10, 2009, where he remained incarcerated until March 27, 2009, at which time an assistant prosecuting attorney for Jefferson County informed Plaintiff that he had been arrested by mistake. (Complaint, ¶¶ 19, 23)

On December 28, 2009, Plaintiff filed a Complaint for Declaratory Judgment and Damages based upon his 37-day incarceration. In the Complaint, Plaintiff alleges violations of his Fourth, Fourteenth, and Eighth Amendment constitutional rights. On February 22, 2010, Defendants Jefferson County, Missouri and Oliver Boyer filed a Partial Motion to Dismiss, seeking dismissal of Count III of Plaintiff's Complaint. Defendants assert that, as a civil or pre-trial detainee, Plaintiff has failed to state a claim under the Eighth Amendment. Plaintiff responds that he has alleged sufficient facts to survive the motion to dismiss because it is plausible that Plaintiff's detention was punishment, implicating the Eighth Amendment.

## II.  Legal Standards

The United States Supreme Court recently held that a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id.

at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

### III.  Discussion

In their Motion to Dismiss, Defendants Jefferson County, Missouri and Oliver Boyer assert that this Court should dismiss Count III of Plaintiff's Complaint because the Cruel and Unusual Punishment Clause of the Eighth Amendment is not applicable to civil or pre-trial detainees. Plaintiff, on the other hand, avers that he has alleged sufficient facts to demonstrate a plausible claim that Plaintiff was held for the purpose of punishment and not pre-trial detention.

The undersigned finds that Count III of Plaintiff's Complaint should be dismissed for failure to state a claim. Plaintiff's "status as a pre-trial detainee placed him outside the protections of the Eighth Amendment proscription against cruel and unusual punishment, which applies only to convicted prisoners." Hott v. Hennepin County, Minn., 260 F.3d 901, 905 (8th Cir. 2001) (citation omitted). However, "[t]he Fourteenth Amendment guarantees pre-trial detainees at least as many protections as does the Eighth Amendment . . . and extends to them as well protection from deprivations that are intended to punish." Id. (citations omitted).

In <u>Armstrong v. Squadrito</u>, 152 F.3d 564 (7th Cir. 1998), the court issued a "body attachment warrant" for the plaintiff's arrest after plaintiff failed to appear for a contempt hearing regarding child support arrearages. The sheriff's office misfiled the records and incarcerated plaintiff for 57 days, despite plaintiff's repeated inquiries. <u>Id.</u> at 567. The plaintiff filed a lawsuit, alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights. <u>Id.</u> at 569. Among other things, the <u>Armstrong</u> court found that the plaintiff could not bring a claim under the Eighth Amendment because that amendment applied "only to a convicted prisoner rather than a pretrial detainee whose rights receive the protection of due process." <u>Id.</u> at 570 (citations omitted). Further, because the detention occurred before the circuit court considered whether to sanction the plaintiff for contempt, the court held that the success of plaintiff's suit would be based solely on the success of his § 1983 claim under the Due Process Clause of the Fourteenth Amendment. <u>Id.</u>

In the instant case, Plaintiff's Complaint demonstrates that he was a pre-trial detainee arrested on a withdrawn civil warrant that appeared "active" in police databases. (Complaint, ¶¶ 1, 12, 22) He had not been convicted of civil contempt or of any crime. Therefore, with regard to his claim that his detention violated the Cruel and Unusual Punishment Clause, "the Fourteenth Amendment, not the Eighth Amendment, provides the applicable standard under which to examine Plaintiff's claim." <u>Meyers v. Stubblefield</u>, No. 4:06CV01329 ERW, 2008 WL 2699849, at *3 (E.D. Mo. July 2, 2008) (citation omitted). As such, Plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 570 (2007). Therefore, the Court will dismiss Count III of Plaintiff's Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Jefferson County, Missouri and Oliver Boyer's

Partial Motion to Dismiss [Doc. #10] is **GRANTED** and Count III of Plaintiff's Complaint is **DISMISSED** with prejudice.

                                                /s/ Terry I. Adelman  
                                      UNITED STATES MAGISTRATE JUDGE

Dated this   25th   day of June, 2010.